```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

United States of America,           :

    Plaintiff,                  :

  v.                                :       Case No. 2:06-mj-0251

Kenneth Gower,                      :       JUDGE WATSON

    Defendant.                  :

<u>ORDER</u>

    The above defendant appeared before the Court for a continued detention hearing on October 18, 2006.  At the conclusion of the hearing, the Court ordered the defendant detained pending further proceedings.  The purpose of this order is to set forth in writing the reasons for that decision.

    The defendant was charged in a criminal complaint filed on June 29, 2006 with possessing cocaine with the intent to distribute.  The Court found probable cause to believe that he committed the crime.  The government's request for detention is based upon a presumption which arises when such a probable cause finding is made, and is judged under the following standard.

    <u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an

>        offense for which a maximum term of
>        imprisonment of ten years or more is
>        prescribed in the Controlled Substances
>        Act (21 U.S.C. 801 et seq)...[or] an
>        offense under section 924(c)...of this
>        title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

   The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of

their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

Additional information is supplied by the Pretrial Services Office.  The defendant is 19 years old and is a lifelong resident of Columbus.  His residence for the past two years is somewhat indeterminant, although it appears that he has lived with friends, with a girlfriend, and with his mother and her boyfriend.  He originally proposed residing with his brother if released, at an address which he could not recall, but his paternal grandmother, with whom he has apparently never lived, offered to have him stay with her and to be subjected to electronic monitoring at her residence.

The defendant's employment history is also uncertain.  He reported a two-year history of work with a remodeling company, but the information has not been verified.  It is unclear whether he could return to that job.  He does have a history of substance abuse with a history of treatment which was apparently unsuccessful.  His juvenile record consists of three arrests and

one confirmed adjudication based upon a burglary charge.  As an adult, he was arrested for the instant drug offense on state charges in January of 2005 and, more recently, was arrested and charged with receiving stolen property and carrying a concealed weapon.  That charge was dismissed for future indictment.

Here, there is little in the record to rebut the presumption of detention created by the probable cause finding on the cocaine possession charge.  Although the defendant has lived in this community for his entire life, he has an unstable residence and unverified employment.  He has a criminal record which, while not as bad as others seen by this Court, does involve significant charges for someone who is only 19 years old.  He has a history of substance abuse.  These factors, taken together, persuade the Court that he has not rebutted the presumption created by the probable cause finding on the drug charge and that he should therefore be detained without bond pending further proceedings.

The defendant was advised of his right to seek review of this detention order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge